Christopher M. Schierloh
Veronica Mura
CASEY & BARNETT, LLC
65 West 36th Street, 9th Floor
New York, NY 10018
(212) 286-0225
Attorneys for Plaintiff

**JUDGE RAKOFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 7068**

---------------------------------------------------------------X

ZAYO GROUP, LLC f/k/a/ ABOVENET
COMMUNICATIONS, INC.,

                Plaintiff,

- against -

IBERDROLA RENEWABLES, LLC,

                Defendants.

---------------------------------------------------------------X

13 Civ.

**COMPLAINT**



RECEIVED
OCT 0 4 2013
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, ZAYO GROUP, LLC f/k/a/ ABOVENET COMMUNICATIONS, INC. (hereinafter "AboveNet") by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint alleges upon information and belief as follows:

### JURISDICTION & VENUE

    1.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1332 (a)(1), in that this case presents a controversy between citizens of different states in which the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

    2.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 as a substantial part of the events or omissions giving rise to the claim occurred within this judicial

district, and pursuant to the terms and conditions of the relevant Master Products and Services Agreement, entered into by the parties, dated September 20, 2010.

## PARTIES

3. Plaintiff AboveNet is a corporation with a place of business located at 360 Hamilton Avenue, White Plains, New York 10601 and was the provider of leased fiber and internet bandwidth, as more fully described below.

4. Defendant IBERDROLA RENEWABLES, LLC ("Iberdrola" or "defendant") is a corporation organized and existing by virtue of the laws of a foreign state with its principal place of business located at 1125 NW Couch Street, Suite 700, Portland, Oregon 97209.

## RELEVANT FACTS

5. Abovenet is, and was, a facilities-based provider of technologically advanced, high bandwidth, fiber optic communications infrastructure, and related services, to communications carriers, corporations, and government entities. AboveNet also provides high bandwidth Internet connectivity, co-location services, and a comprehensive Internet infrastructure management solution that includes design and architecture, hardware and software, installation, and ongoing management.

6. On or about September 20, 2010, the parties entered into a Master Products and Services Agreement ("MPSA").

7. The MPSA set forth the installation fee and recurring monthly fee which defendant would be charged throughout the term of the parties' agreement.

8. Thereafter, AboveNet provided services and equipment as set forth in the MPSA.

9. Defendant materially breached the MPSA by and through its failure to remit payment due to AboveNet.

10. On or about June 21, 2011, AboveNet sent defendant written notice of default informing defendant that failure to remit payment would result in termination of the MPSA.

11. On or about June 29, 2011, AboveNet terminated the MPSA.

12. Pursuant to the terms and conditions of the MPSA, there is presently due and owing to AboveNet in the sum of $152,869.36, no part of which has been paid although demand for payment has been made repeatedly.

13. By reason of the foregoing, defendant has breached the contract and caused the AboveNet to sustain losses which will be shown with specificity at trial, no part of which has been paid although duly demanded which are presently estimated to be no less than $152,869.36.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT

14. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 13, as if herein set forth at length.

15. The MPSA constituted a binding contract supported by good and valuable consideration.

16. AboveNet rendered material performance of its duties and obligations under the MPSA; satisfied or discharged all conditions precedent (if any) to defendant's performance under the MPSA; and, therefore, was and is entitled to defendant's full and complete performance under the MPSA.

17. Defendant materially breached the MPSA, caused injury and damage to AboveNet in the amount of $152,869.36 plus pre-judgment and post-judgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

18.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 17, as if herein set forth at length.

19.     AboveNet rendered invoices, account statements, and/or notices to defendant reflecting the fees and charges due and owing from defendant to AboveNet.

20.     The invoices, account statements, and/or notices which AboveNet delivered to defendant established an account stated under New York law, which is controlling pursuant to the MPSA.

21.     Accordingly, there is due and owing from defendant to AboveNet the sum of $152,869.36, plus pre-judgment interest, no part of which has been paid.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR QUANTUM MERUIT

22.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 21, as if herein set forth at length.

23.     Defendant, by voluntarily entering the MPSA, agreed to pay for the services provided by AboveNet.

24.     Reasonable notification was given to defendant, such that, in providing internet service and equipment, AboveNet expected to be paid.

25.     Defendant thereafter failed to make payments to AboveNet.

26.     Defendant was unjustly enriched by virtue of its refusal to make payments to AboveNet.

27. Alternatively, AboveNet suffered a detriment as a result of the defendant's acceptance of AboveNet's goods and services, without paying for those goods and services.

28. As a direct and proximate result of defendant's acts and omissions, AboveNet suffered damages in the amount of $152,869.36.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendant in the amount of $152,869.36, plus pre and post judgment interest;

3. That this Court order defendant to pay plaintiff's costs and disbursements of this action, including but not limited to attorney's fees; and

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 4, 2013
208-39

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *[signature]*
Christopher M. Schierloh
Veronica Mura
65 West 36th Street, 9th Floor
New York, NY 10018
(212) 286-0225